# United States Court of Federal Claims

No. 14-1121 C
(Filed June 9, 2015)

| | |
|---|---|
| STATE CORPS, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## OPINION

On November 18, 2014, plaintiff filed a complaint in this court seeking: (1) a declaration that the United States Army Corps of Engineers improperly terminated a contract for construction of logistics facilities in Qatar for default; (2) conversion of the default termination to a termination for convenience; and (3) compensation for the damages that plaintiff incurred as a result of the improper termination decision. *See* Doc. 1 at 1.

The government moved to stay the proceedings and for dismissal of plaintiff's damages claim for lack of jurisdiction. *See* Doc. 8. On April 30, 2015, the court requested additional briefing in support of the government's motion to stay, *see* Doc. 13, and in response, the government moved to withdraw the motion, *see* Doc. 14. Because the plaintiff did not file a response by the June 5, 2015 deadline, the court assumes it has no objection, and the motion to withdraw is hereby **GRANTED**.

The government's partial motion to dismiss, then, is before the court. The government concedes that the court has jurisdiction over plaintiff's claim that the termination for default should be converted to a termination for convenience. *See* Docs. 8 at 16; 12 at 2. It argues, however, that the court lacks jurisdiction over plaintiff's claim for monetary relief on the basis that plaintiff failed to submit a valid claim to the contracting officer prior to filing the instant lawsuit. *See* Doc. 8 at 13.

## ANALYSIS

Plaintiff bears the burden to demonstrate, by a preponderance of the evidence, that the court has jurisdiction to hear its case. *M. Maropakis Carpentry, Inc. v.*

*United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).  "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States,* 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States,* 60 F.3d 795, 797 (Fed. Cir. 1995)).  But if the court lacks subject matter jurisdiction, it must dismiss the case.  *See Rebish v. United States*, 120 Fed. Cl. 184, 187 (2015) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)).

Pursuant to 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."  The court specifically has jurisdiction "to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41 . . . ." 28 U.S.C. § 1491(a)(2).

Section 7104(b)(1) provides for *de novo* proceedings by this court following a contracting officer's final decision to deny relief based on a written claim against the government made under section 7103.  *See* 41 U.S.C. § 7104(b)(1).  Section 7103, in turn, requires that claims by contractors against the government be made to the contracting officer, in writing, within six years of the claim's accrual.  *See* 41 U.S.C. § 7103(a).  The Federal Circuit has held that jurisdiction "requires both a valid claim and a contracting officer's final decision on that claim." *Maropakis,* 609 F.3d at 1327 (citing *James M. Ellett Constr. Co. v. United States,* 93 F.3d 1537, 1541–42 (Fed.Cir.1996)).

Plaintiff argues that the allegations in this case fall within these jurisdictional limits because it submitted a claim under section 7103, in the form of its letter dated July 6, 2014, *see* Doc. 8-1, to which the government responded on October 31, 2014, *see* Doc. 1, Ex. C.  The government counters that plaintiff has failed to satisfy the requirements of sections 7103 and 7104 because its July 6 letter did not technically constitute a claim.  *See* Doc. 8 at 13-15.

The term "claim," as used in sections 7103 and 7104, is not defined in title 41, but courts look to the Federal Acquisition Regulation ("FAR") for its meaning. *See Todd Constr., L.P. v. United States*, 656 F.3d 1306, 1311 (Fed. Cir. 2011) (citing *H.L. Smith, Inc. v. Dalton*, 49 F.3d 1563, 1564-65 (Fed. Cir. 1995)). The FAR defines "claim" as:

a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

FAR § 2.101.  Here, the parties agree that a valid claim must:

(1) be a written demand or assertion;
(2) be non-routine, or in dispute;
(3) seek payment as a matter of right;
(4) seek payment as a sum certain;
(5) "indicate to the contracting officer that the contractor is requesting a final decision;" and
(6) be certified if seeking more than $100,000.

Doc. 8 at 12-13 (government's motion to dismiss, compiling requirements from statutory, regulatory and Federal Circuit authority, including, 41 U.S.C. § 7103(b)(1); FAR § 2.101; *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1576-83 (Fed. Cir. 1995); *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1543 n.4 (Fed. Cir. 1996); and *Fischback & Moore Int'l Corp. v. Christopher*, 987 F.2d 759, 762 (Fed. Cir. 1993)).  *See also* Doc. 11 at 7 (plaintiff's response to the government's motion to dismiss, agreeing with the government's listed requirements for a valid claim).

Plaintiff argues that its July 6 letter complies with each of these requirements. *See* Doc. 11 at 7.  The government argues that the letter is not a valid claim because it fails to seek a sum certain.  *See* Doc. 8 at 13-15.

As the plaintiff points out, the July 6 letter does include specific dollar figures. On the first page, the letter states that plaintiff seeks "no less than $1,497,466.80." *See* Doc. 8-1 at 2.  On the last page, the letter states that plaintiff seeks "[a]t a minimum . . . the total value of its invoices, $1,295,106." *See id.* at 13.  The problem for plaintiff is that, in addition the fact that these bottom-line figures change significantly over the course of twelve pages, the letter also includes a raft of qualifying language that makes its demand far less than a sum certain. *See Donovan Const., Inc. v. Mabus*, 469 Fed. Appx. 903, 908 (Fed. Cir. Mar. 27, 2012) (holding that qualifying language in a claim as to the sum sought, without adequate supporting documentation, defeats this court's jurisdiction).

The letter explicitly states, for example, that "the amounts provided are not final, as they remain uncertain," that plaintiff "is not currently able to fully quantify the amounts it seeks," and notes that the costs it wants to recover "include, but are not limited to" a long list of additional items. *See id.* at 2. While it is true that the sum certain requirement will not be strictly construed if the amount of the claim can be determined "by a simple mathematical calculation," *Modeer v. United States*, 68 Fed. Cl. 131, 137 (2005), here, plaintiff does not even commit to the categories of damages it seeks.

Plaintiff's July 6 letter cannot be fairly read to give "the contracting officer adequate notice of the basis and amount of the claim." *Contract Cleaning Maint., Inc. v. United States,* 811 F.2d 586, 592 (Fed. Cir. 1987). As such, plaintiff has failed to make a valid claim to the contracting officer, and this court lacks jurisdiction to review its claim for monetary relief.

Plaintiff asks that, if the court rules in favor of the government, it dismiss the claim for monetary relief without prejudice so that it may pursue another claim with the contracting officer. *See* Doc. 11 at 11. Because the court lacks jurisdiction to consider the claim, its dismissal is not on the merits, and therefore, by legal operation, is without prejudice. *See Scott Aviation v. United States*, 953 F.2d 1377, 1378 (1992) (noting that when the court lacks jurisdiction, it lacks the authority to dismiss a complaint with prejudice).

## CONCLUSION

The government's motion to dismiss plaintiff's claim for monetary damages is hereby **GRANTED**. The case remains pending, however, so that the court may consider plaintiff's claim for conversion from a termination for default to termination for convenience.

The government shall answer the remaining allegations on or before **June 26, 2015.**

**SO ORDERED.**

s/ James F. Merow
James F. Merow
Senior Judge
